UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Melody A. Russell

vs

GE Money Bank aka GE Capital

Docket: 13cv 1635 SRU

## COMPLAINT

### VENUE

1) The court has proper jurisdiction in this issue, as the Defendant is a business in the State of Connecticut.

2) Defendant is a financial institution that practices business in the State of Connecticut, with the principle address of: 3135 Easton Tpke, Fairfield, CT 06828.

### REQUEST FOR INJUNCTIVE RELIEF

3) Plaintiff is currently unable to seek employment, or a permanent place of residence, due to the actions of the Defendant.

4) Plaintiff seeks immediate Injunctive Relief against Defendant, and requests the court to:

   a) Immediately and permanently order Defendant to cease in engaging in any kind of activity associated with this account, including debt collection attempts.

   b) Immediately and permanently prevent Defendant from referring or selling the debt to a third party.

   c) Immediately and permanently order Defendant to permanently remove the account from all consumer reporting agencies.

   d) Immediately and permanently order all consumer reporting agencies to remove the account from all consumer reports.

   e) Immediately and permanently order the Defendant to cease any attempts in future, to bring legal action against the Plaintiff for this account, or report it to any consumer reporting agencies.

1

f)   Immediately and permanently bar Defendant from furnishing consumer reports for any reason, unless initiated by Plaintiff.

g)   Immediately and permanently apply order to any third party debt collector or debt buyer.

## OVERVIEW

5) This complaint involves:

   A) FCBA violations;

   B) FCRA violations;

   C) Violations to the Credit CARD Act of 2009;

   D) Request for injunctive relief.

## BACKGROUND

6) Financial institutions, in recent years, have been found to violate multiple federal and state laws by requiring consumers to accept their Credit Protection Plans.

7) Financial institutions have forced consumers into these services by telling them that they are required to accept the plans in the Terms of Agreement, whether or not such terms actually existed.

8) Financial institutions have accepted monthly payments from the Credit Protection Plans, and still assess late fees, over the limit fees.

9) In spite of accepting the payments, financial institutions continued to treat the accounts as if they were delinquent, and sought to bring civil action against these consumers for non-payment of debt.

10) Financial institutions have reported the debt as delinquent to consumer reports, charged off debt, and sold debt to third party buyers, in spite of receiving monthly payments from the Credit Protection Plan provider.

11) Financial institutions have attempted to justify receiving payments from the Credit Protection Plan and treating the debt as delinquent on the fact that the payment came from a third party and not the consumer.

12) Based on the above facts, multiple class-action suits were filed against these financial institutions, some of which include:

   A) 11-md-2269, a federal class action suit against Bank of America involving their Credit Protection Plans.

   B) 13cv00513, a federal class action suits against Capital One, involving their Credit Protection Plans.

   C) 2:10-cv-03213-BMS, a federal class action suits against HSBC of Nevada.

13) In recent months, Defendant has defended themselves in similar suits.

14) They were fined by the Consumer Financial Protection Bureau on/around June 2014 for $225,000,000 for violating consumer rights.

15) Defendant was again fined by Consumer Financial Protection Bureau for more than $34,000,000 for their Credit Protection Plans.

16) Defendant was sued under a class action for Credit Protection Plans, as 3:11-0683 and 3:11-0689 will reveal.

17) Reviewing this background is essential for understanding the nature of the complaint being filed by the Plaintiff.

## SUMMARY

### Count One

18) This count involves violations to FCBA.

19) Plaintiff was forced to accept a Credit Protection Plan, in late 2013, at the time the account was opened.

20) Plaintiff never received the Terms of Agreement when the account was opened.

21) Plaintiff later learned that the Credit Protection Plan was optional, and not required, as implied by Defendant.

22) Defendant ordered merchandise from Walmart in late 2013.

23) Many of the products never arrived, or arrived damaged.

24) As required by FCBA, Plaintiff disputed with the merchant.

25) When the disputes with the merchant failed, Plaintiff disputed directly with the Defendant.

26) Both disputes were done in writing.

27) The disputes went uninvestigated by both parties.

28) Without the Plaintiff's knowledge, the Defendant issued two cards to the Plaintiff, instead of one card at the time the account was opened.

29) Defendant issued cards under the names "Melody A. Russell," and "M. Russell," which left room for potential fraudulent activity, and possibly aggravated a separate criminal issue of harassment experienced by the Plaintiff in the State of Maryland.

30) Defendant was informed of the pending harassment issue and failed to any disputed charges, as required by law.

31) Defendant used abusive debt collectors to collect disputed debt, until selling the account in 2014, the same month that they were fined by the Consumer Financial Protection Bureau.

32) Within the last twelve months, Plaintiff continued to dispute charges.

33) Defendant continued to ignore Plaintiff's disputes.

34) Based on the above facts, Defendant violated FCBA.

## Count Two

35) This count involves the FCRA.

36) Defendant has violated the FCRA, as they are reporting a charge-off as the account balance, instead of what is actually owed.

37) Defendant has reported the amount disputed by consumer to consumer reports.

38) Defendant has reported a different charge-off date to each consumer reporting agency.

39) Defendant has reported a different dollar amount owed to each consumer reporting agency.

40) Defendant has continue to report to the consumer reporting agency as if they were still the original owner of the debt.

41) Plaintiff attempted to dispute with the consumer reporting agencies, and with the Defendant.

42) Defendant has failed to remove the incorrect information.

43) Based on the above facts, Defendant has violated the FCRA.

## Count Three

44) This count involves violations to the Credit CARD Act of 2009.

45) The allegations of the First Count and Second Count are repeated and re-alleged as if fully set forth herein.

## Prayer of Relief

46) Plaintiff request the court to:

   A) Grant Injunctive Relief, as requested;

   B) Award damages under FCBA;

   C) Award damages under FCRA;

   D) Award such other relief as the court sees fit.

RESPECTFULLY,

_____
THE PLAINTIFF